UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORA MEDLEY, | No.  2:24-cv-3804 DJC SCR P |
| Plaintiff, | |
| v. | ORDER AND |
| GABRIEL WILLIAMS, et al., | FINDINGS & RECOMMENDATIONS |
| Defendants. | |

Plaintiff is incarcerated in state prison and proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  Plaintiff has filed a "motion for judicial intervention" that undersigned construes as seeking (1) the appointment of counsel; and (2) leave to file a supplemental complaint under Federal Rule of Civil Procedure 15(d).  ECF No. 18.[1]

For the reasons set forth below, the undersigned recommends that plaintiff's request to file a supplemental pleading be denied.  However, the appointment of counsel for plaintiff is warranted for the limited purpose of representing her at a settlement conference.  Robert L. Chalfant has been selected from the Court's Pro Bono Attorney Panel to represent plaintiff for this limited purpose and has agreed to be appointed.  Accordingly, the undersigned hereby stays the action and sets it for a settlement conference before Magistrate Judge Chi Soo Kim on a date

---

[1] Plaintiff filed an identical motion in Medley v. Pfitzer, et al., 2:24-cv-0227 DJC SCR P ("Medley I") at ECF No. 128.  This case was severed from Medley I on May 5, 2025.  ECF No. 2.

1

to be scheduled in accordance with this order.  The undersigned also recommends that defendant Samiinia be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## MOTION TO FILE A SUPPLEMENTAL PLEADING

Plaintiff's 118-page motion for judicial intervention includes a request to add several defendants to this action: R. Morales, Warden, Substance Abuse Treatment Facility ("SATF"); G. Jones, Director of CDCR; J. Macomber, CDCR Secretary; Sgt. Moreno of California Health Care Facility ("CHCF"); P. Garcia; Oscar Hallway, SATF; Dr. I. Galvese; and B. Peters.  ECF No. 18 at 2.  Plaintiff broadly alleges disability and transgender discrimination but pleads no specific facts about any defendant.  For support, plaintiff attached grievances and accommodation requests filed throughout 2025.  Id. 19-117.  She requests injunctive relief, including an ADA tablet, Glucerna 1.5 4x/day, and durable medical equipment ("DME").  Id. at 4.

The undersigned liberally construes this request as seeking leave to file a supplemental pleading under Federal Rule of Civil Procedure 15(d).  See United States v. Jackson, 21 F.4th 1205, 1216 (9th Cir. 2022) ("Pro se motions from prisoners are to be liberally construed.") (citation omitted).  Rule 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).  "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed."  William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc., 668 F.2d 1014, 1057 (9th Cir. 1981).  Courts have broad discretion in deciding whether to grant or deny leave to supplement under Rule 15(d).  Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988).  Leave to serve a supplemental pleading will be denied where the supplemental pleading asserts a "separate, distinct and new cause of action" unrelated to the original complaint that should be the subject of a separate lawsuit.  Planned Parenthood of S. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (citations omitted).

Plaintiff's request to add new defendants also implicates the permissive joinder of parties under Rule 20.  A party may be joined as a defendant under Rule 20 if: 1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and 2) any question of law or fact common to all defendants will arise in the action.  Fed. R. Civ. P. 20(a)(2).  The first prong requires "factual similarity in the allegations supporting Plaintiffs' claims."  Visendi v. Bank of Am., N.A., 733 F.3d 863, 870 (9th Cir. 2013).  The second prong requires more than "merely alleg[ing] that Defendants violated the same laws in comparable ways," and will not be met where the new claims plaintiff asserts "each require particularized factual analysis."  Id. (citing Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997)).

Even if the requirements of Rule 20(a) are met, district courts "must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side."  Johnson v. High Desert State Prison, 127 F.4th 123, 134 (9th Cir. 2025) (quoting Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000)).  "This is because Rule 20 . . . is designed to promote judicial economy, and reduce inconvenience, delay, and added expense.  It is therefore within the district court's inherent power to deny joinder if it would undermine the orderly and expeditious disposition of the case."  Id. at 134 (9th Cir. 2025) (internal quotations and citations omitted).

Applying Rules 15(d) and 20(a)(2) here, the undersigned recommends that plaintiff's request to supplement her complaint be denied.  The new allegations do loosely share the same subject matter as the original complaint, i.e., access to medical care and disability accommodations, but involve distinct claims that should be brought in a separate suit.  For example, the attached grievances involve requests for DME (e.g., ankle braces, inflatable mattress, CPAP machine, etc.) that are not at issue in the original complaint.  Further, the new allegations occurred in 2025, primarily at SATF, whereas the complaint's events happened in 2020-2023 at CHCF.  See Gonzalez v. Mason, No. C 07-180 SI (PR), 2008 WL 2079195, at *2 (N.D. Cal. May 15, 2008) (denying leave to file supplement complaint where new allegations occurred at a different prison with different defendants), aff'd, 357 F. App'x 835 (9th Cir. 2009).

3

Moreover, given the new, later-occurring claims' lack of temporal and geographic nexus to those in the operative complaint, granting plaintiff's motion would permit her "unfairly to evade the strictures of the Prison Litigation Reform Act[.]" Wilkins v. California Dep't of Corr. & Rehab., No. CV 18-9116 VAP(E), 2020 WL 2544524, at *5 (C.D. Cal. Feb. 20, 2020). "Supplemental pleadings are of particular concern in prisoner cases, where joining unrelated claims could result in avoidance of a filing fee or circumvent the PLRA's three strikes rule." Singleton v. Kernan, No. 3:16-CV-2462 BAS NLS, 2017 WL 4021536, at *3 (S.D. Cal. Sept. 12, 2017), report and recommendation adopted, No. 16-CV-2462 BAS NLS, 2017 WL 4340420 (S.D. Cal. Sept. 29, 2017); cf. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (denying joinder of "[u]nrelated claims against different defendants" will ensure that prisoners pay filing fees and remain subject to the limitations of section 1915(g)).

Finally, a district court may deny a motion to file a supplemental pleading when supplementation would be futile, such as where the newly asserted claims would not survive a motion to dismiss. San Luis & Delta-Mendota Water Authority v. San Francisco Bay Assoc., 236 F.R.D. 491, 500 (E.D. Cal. 2006) (citing Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir.1988)); see also Phillips v. City & Cnty. of San Francisco, 486 Fed.App'x 665, 666 (9th Cir. 2012) (holding court did not abuse its discretion in denying motion to supplement complaint where supplement would not have cured pleading deficiencies).  Here, plaintiff' motion does not link any of the defendants to the alleged violations of her rights and thus would not survive screening under 28 U.S.C. § 1915A(b).  Although plaintiff attached voluminous records, "a court is not required to comb through a plaintiff's exhibits to determine if the complaint states a plausible claim." Kesling v. Tewalt, 476 F. Supp. 3d 1077, 1083 (D. Idaho 2020).

Accordingly, the undersigned recommends that her motion to file a supplemental pleading be denied.  Plaintiff's more recent motion for an extension of time (ECF No. 22), construed as a duplicative request to file a supplement pleading, should also be denied.  Given plaintiff's new allegations arose in 2025, and there are no statute of limitations concerns or other "technical obstacles" to plaintiff bringing a separate action against the new defendants listed in her request to file a supplemental complaint.  See Planned Parenthood, 130 F.3d at 402.  Therefore, plaintiff

4

is instructed that she may raise these allegations in a new action and will be provided a copy of the prisoner complaint form used in this district.

## MOTION TO APPOINT COUNSEL

The undersigned also construes plaintiff's motion for judicial intervention as requesting the appointment of counsel on account of her developmental disabilities and other impairments. ECF No. 18 at 2-3.  Plaintiff points out that she was appointed counsel in another matter, Medley v. Allison, No. 5:21-cv-0937 DOC MAR (C.D. Cal.).  Id. at 3.  Moreover, in a filing about a week prior to the instant motion, plaintiff objected to the undersigned's dismissal of the counsel for the limited purpose of assisting plaintiff in filing her operative complaint.[2]  ECF No. 17.

District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel.  For example, appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled.  See Franco-Gonzalez v. Holder, No. 10-cv-02211 DMG (DTBx), 2013 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of

---

[2]  The previously assigned magistrate judge in Medley I appointed counsel for the limited purpose of investigating her claims and filing a fourth amended complaint.  Medley I, ECF No. 89.  The complaint in this action consists of the medical and disability-related claims that were severed from that fourth amended complaint.  See ECF No. 1.

mentally disabled individuals in civil immigration proceedings on their request for appointed representatives under the Rehabilitation Act).  Due process may also require appointment of counsel in certain proceedings.  See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

To ensure plaintiff's meaningful participation in this action, see Franco-Gonzalez, 2013 WL 3674492, at *5, the undersigned finds the appointment of counsel is warranted for the limited purpose of representing plaintiff at a settlement conference.  The undersigned is convinced, based on plaintiff's recent, voluminous filings, as well as her inability to allege cognizable claims in Medley I before the appointment of limited-purpose counsel, that she requires assistance to meaningfully access the courts and prosecute this action.  Robert L. Chalfant has been selected from the Court's Pro Bono Attorney Panel to represent plaintiff for this limited purpose and has agreed to be appointed.

The undersigned refers this case to Magistrate Judge Chi Soo Kim to conduct the settlement conference on a date to be scheduled in accordance with the directions below.  The settlement conference will also cover plaintiff's civil rights action Medley I, and an order setting a settlement conference before Judge Kim is being docketed concurrently in that case.

### SERVICE OF DEFENDANT SAMIINIA

Finally, the undersigned recommends that defendant Samiinia be dismissed pursuant to Federal Rule of Civil Procedure 4(m), which provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff's complaint in this action was docketed on May 5, 2025, upon District Judge Calabretta's adoption of the undersigned findings and recommendation that her medical and disability-related claims be severed from Medley I.  ECF No. 1.  On June 6, 2025, the undersigned screened plaintiff's complaint and determined that it stated, inter alia, a cognizable

6

Eighth Amendment medical indifference claim against defendant Samiinia.  ECF No. 4.  On July 29, 2025, plaintiff elected to proceed on the complaint as screened.  ECF No. 8.

On August 12, 2025, the undersigned ordered the U.S. Marshal Service to serve the complaint on all defendants.  ECF No. 9.  On September 15, 2025, process directed to defendant Samiinia was returned unserved.  ECF No. 13.  On October 2, 2025, the undersigned ordered plaintiff to provide additional informational to serve Samiinia within 60 days.  ECF No. 14.  Plaintiff was advised that a failure to comply would result in the recommendation that defendant Samiinia be dismissed from the action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Id.

More than 60 days have passed, and plaintiff has not provided the additional information needed to serve defendant Samiinia.  Plaintiff did file a 107-page response to the court's order (ECF No. 17) and two other prolific filings (ECF Nos. 18, 21), but these filings do not address defendant Samiinia.  Accordingly, defendant Samiinia should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion for judicial intervention (ECF No. 18) is GRANTED IN PART as follows:

    a.  Robert L. Chalfant is appointed as limited purpose counsel for plaintiff in the above titled matter.  This appointment is for the limited purpose of assisting plaintiff with preparing for and participating in a settlement conference.

    b.  Robert L. Chalfant's appointment will terminate fifteen days after completion of the settlement conference, or any continuation of the settlement conference.

    c.  Appointed counsel shall notify ADR and Pro Bono Coordinator Sujean Park via email at spark@caed.uscourts.gov if he has any questions related to the appointment.

2.    This case is set for a settlement conference before Magistrate Judge Chi Soo Kim.  **The parties are directed to contact Sujean Park via email within 14 days of the date of this**

**order to arrange scheduling of the settlement conference.**  Instructions for the settlement conference and an order and a writ of habeas corpus ad testificandum will issue separately in due course.

3.      The action is hereby stayed to allow the parties an opportunity to settle their dispute before the discovery process begins.  Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action.  The parties shall not engage in formal discovery, but the parties may elect to engage in informal discovery.

4.      If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

5.      The parties remain obligated to keep the court informed of their current addresses at all times during the stay and while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address."  See L.R. 182(f).

6.      The Clerk of the Court is directed to serve a copy of this order upon Robert L. Chalfant, Robert Chalfant Law PC, 13620 Lincoln Way, Suite 325, Auburn, CA 95603.

7.      The Clerk of the Court is also directed to send plaintiff a copy of the prisoner complaint form used in this district.

In addition, IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's motion for judicial intervention (ECF No. 18) be DENIED IN PART to the extent it seeks leave to file a supplemental pleading pursuant to Fed. R. Civ. P. 15(d);

2.      Plaintiff's motion for extension of time (ECF No. 22), construed as a duplicative motion to file a supplemental pleading pursuant to Fed. R. Civ. P. 15(d), be denied;

3.      Defendant Samiinia be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m); and

4.      The Clerk of the Court be directed to terminate defendant Samiinia from the Docket upon the adoption of these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge

8

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 14, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE